UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS, INC., * <br> * <br> Plaintiff, * <br> * <br> * <br> * <br> v. * <br> * <br> FILTERGRADE, LLC, * <br> * <br> Defendant. * | Civil Action No. 1:22-cv-10985-IT |

MEMORANDUM AND ORDER

January 5, 2023

TALWANI, D.J.

Pending before the court is Creative Photographers, Inc.'s ("Creative Photographers") Motion for Default Judgment [Doc. No. 16]. The motion is denied without prejudice and the clerk is directed to vacate the entry of default and to reissue summons as to Defendant Filtergrade, LLC ("Filtergrade") for the reasons set forth herein.

**I.      Background**

Creative Photographers brought this suit against Filtergrade alleging direct copyright infringement under 17 U.S.C. § 101, *et seq.* Compl. ¶¶ 22-32 [Doc. No. 1].

On June 4, 2022, the court issued summons as to Filtergrade to be served in accordance with Fed. R. Civ. P. 4 and Local Rule 4.1. [Doc. No. 4]. On June 30 and July 7, 2022, process server Merrill Smallwood attempted to serve the summons and complaint upon Michael Moloney, Filtergrade's registered agent, at 125 Stoughton St., Unit 2, Dorchester, MA 02125 ("125 Stoughton St."), but there was no answer at the door. Affidavits of Service and Attempted

Service ("Smallwood Affs.") 2 [Doc. No. 6]. On both dates, Smallwood confirmed with neighbors that Moloney resided at the address. Id.

On July 9, 2022, Smallwood attempted service upon Filtergrade's registered agent at 125 Stoughton St. a third time, but again there was no answer at the door. Id. On that occasion, Smallwood attempted to serve a copy of the summons and complaint upon Filtergrade "by firmly affixing same conspicuously on the front door at that address." Id.

According to filings at the Secretary of the Commonwealth of Massachusetts, prior to July 11, 2022, Filtergrade's registered agent Moloney's address was 49 Brook Street, Shrewsbury, MA 01545 ("49 Brook St.").[1] On July 11, 2022, Moloney filed a "Statement of Change of Resident Office Address by Resident Agent" with the Secretary of the Commonwealth, changing Filtergrade's resident agent office address to 125 Stoughton Street, Unit 2, Dorchester, MA 02125.[2] Also on July 11, 2022, Smallwood attempted to serve another copy of the summons and complaint upon Filtergrade by first class mail addressed to 125 Stoughton St. Smallwood Affs. 3 [Doc. No. 6].

On July 15, 2022, Smallwood attempted to serve a copy of the summons and complaint upon Filtergrade care of Moloney at 49 Brook St., but Moloney's mother stated that 49 Brook St. was her address and that Moloney resided in Dorchester. Id. at 1.

---

[1] Secretary of the Commonwealth, Corporations Division, Filtergrade's 2020 and 2021 Annual Reports, https://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSearchFormList.aspx?sysvalue= udpRRwFe838Z76AxHjag4w-- (last visited Jan. 4, 2023).

[2] Secretary of the Commonwealth, Corporations Division, Statement of Change of Resident Officer Address by Resident Agent, https://corp.sec.state.ma.us/CorpWeb/CorpSearch/ CorpSearchFormList.aspx?sysvalue=udpRRwFe838Z76AxHjag4w-- (last visited Jan. 4, 2023).

Filtergrade did not respond to the complaint[3] and Creative Photographers filed a <u>Request for Notice of Default</u> [Doc. No. 11] on October 3, 2022. The clerk entered the <u>Notice of Default</u> [Doc. No. 12] and Creative Photographers filed the pending <u>Motion for Default Judgment</u> [Doc. No. 16] on November 3, 2022.

## II.     Discussion

Under Rule 4 of the Federal Rules of Civil Procedure "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." Fed. R. Civ. P. 4(c)(1). In turn, Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

In this case, Rule 4(h) (which regulates service upon a corporation, partnership, or association) governs service where Filtergrade is an unincorporated entity. <u>See</u> <u>Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.</u>, 435 F.3d 51, 54 (1st Cir. 2006) ("Limited liability companies are unincorporated entities"). Under Rule 4(h), Creative Photographers must serve Filtergrade in "(A) in the manner prescribed by Rule 4(e)(1)[4] for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an

---

[3] On August 19, 2022, Moloney sent a letter to the court stating that Filtergrade was not properly served, but no motion to dismiss for insufficient service was ever filed. <u>See</u> Letter [Doc. No. 8]. A "limited liability company . . . that is not an individual may not appear <u>pro se</u>" and no counsel noticed an appearance on behalf of Filtergrade. L.R. 83.5.5(c).

[4] Rule 4(e)(1) provides that service may be executed "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h).

Massachusetts Rule of Civil Procedure 4(d) provides in relevant part that service shall be made as follows:

> (2) Upon a[n] . . . unincorporated association . . . by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any; or by delivering such copies to any other agent authorized by appointment or by law to receive service of process, provided that any further notice required by law be given . . . .

Mass. R. Civ. P. 4(d)(2).

On the record before the court, Creative Photographers has not properly served Filtergrade in accordance with Fed. R. Civ. P. 4(h) or Mass. R. Civ. P. 4(d)(2) where no copy of the summons and of the complaint has been delivered to Filtergrade's officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Moreover, in light of the July 11, 2022 Statement of Change of Resident Office Address, which updated Filtergrade's resident agent office address from 49 Brook St. to 125 Stoughton St., service on the registered agent at 125 Stoughton St. prior to July 11, 2022, was directed to the wrong address and service on the registered agent at 49 Brook St. after July 11, 2022, was also directed to the wrong address. At the same time, the court finds that Filtergrade's failure to update promptly the resident agent's address when Moloney moved out of his mother's home together with Creative Photographer's efforts to effect service during the 90-day service period sufficient to establish good cause to extend the time for service.

### III.     Conclusion

Accordingly, Creative Photographer's Motion for Default Judgment [Doc. No. 16] is DENIED without prejudice where Filtergrade has not been properly served under Rule 4 of the Federal Rules of Civil Procedure. The Clerk's Entry of Default [Doc. No. 12] is VACATED and the clerk is directed to reissue summons. Creative Photographer's time to effect service on Filtergrade is extended for an additional 90 days after summons is reissued.

IT IS SO ORDERED.

January 5, 2023                                         /s/ Indira Talwani
                                                        United States District Judge