UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CREATIVE PHOTOGRAPHERS, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 1:22-cv-10985-IT |
| v. | * | |
| | * | |
| FILTERGRADE, LLC, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

June 22, 2023

TALWANI, D.J.

Pending before the court is Creative Photographers, Inc.'s ("Creative Photographers") Motion for Default Judgment ("Mot. Def. Judg.") [Doc. No. 25] against Defendant FilterGrade, LLC ("FilterGrade"). The motion is granted in part and denied in part for the reasons set forth herein.

I.      Background

Creative Photographers brought this suit against FilterGrade alleging direct copyright infringement under 17 U.S.C. § 101, *et seq.* Compl. ¶¶ 22-32 [Doc. No. 1]. The events relating to Creative Photographers' initial attempts at service on FilterGrade are detailed in the court's Memorandum and Order [Doc. No. 18] denying the first Motion for Default Judgment [Doc. No. 16] without prejudice, directing the clerk to reissue summons, and extending Creative Photographers' time to effect service on FilterGrade. Mem. & Order [Doc. No. 18].

On January 18, 2023, a process server served the summons on Matthew Maloney, FilterGrade's registered agent, by personal delivery at 125 Stoughton Street, Unit 2, Dorchester, MA 02125. Aff. Serv. [Doc. No. 20]. FilterGrade did not respond. On March 6, 2023, the court

issued an order to show cause as to why default judgment should not be entered against FilterGrade. Order to Show Cause [Doc. No. 21]. On April 7, 2023, having received no response from FilterGrade, the court issued an order directing an entry of FilterGrade's default. Elec. Order [Doc. No. 22]. Accordingly, the clerk entered a <u>Notice of Default</u> [Doc. No. 23]. Creative Photographers moved again for default judgment on April 18, 2023. Mot. Def. Judg. [Doc. No. 25].

## II.    Legal Standards

Creative Photographers requests the court enter an order (1) enjoining and restraining FilterGrade from infringing Creative Photographers' copyrighted works; (2) awarding Creative Photographers $30,000 in statutory damages; (3) awarding Creative Photographers its costs and reasonable attorney's fees; and (4) awarding Creative Photographers interest pursuant to 28 U.S.C. § 1961. Mot. Def. Judg. [Doc. No. 26].

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for entry of a default judgment. The first step is entry of a default under Rule 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The second step requires entry of a default judgment by the clerk if the plaintiff's claim is for a sum certain, or otherwise by the court, on an application for a default judgment. Fed. R. Civ. P. 55(b).

When a defendant has failed to respond to the complaint, the court presumes that all well-pleaded factual allegations relating to liability are true. <u>See</u> <u>Sec. & Exch. Comm'n v. Tropikgadget FZE</u>, 146 F.Supp.3d 270, 275 (D. Mass. 2015). So, when determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact.

Id. While the court may set a hearing to determine damages "when the amount is in dispute or is not ascertainable from the pleadings," the court may order default judgment without a hearing where "the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object." In re The Home Rests., Inc., 285 F.3d 111, 114 (1st Cir. 2002).

   A. *Statutory Damages, Costs, and Attorney's Fees Under the Copyright Act*

   Under the Copyright Act, a copyright owner may recover actual damages, or, in the alternative, "statutory damages for all infringements involved in the action . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). When a plaintiff proves that the defendant's infringement was willful, the court may increase the award of statutory damages up to $150,000. 17 U.S.C. § 504(c)(2). The determination of statutory damages under 17 U.S.C. § 504(c) is left to the discretion of the trial court. Morley Music Co. v. Dick Stacey's Plaza Motel, Inc., 725 F.2d 1, 3 (1st Cir. 1983). The court must, however, ensure that the damages awarded are reasonable and demonstrated by the evidence. Fed. R. Civ. P. 55(b)(2)(C); Morley Music Co., 725 F.2d at 3. The court may consider factors including "(1) expenses saved and profits reaped by the defendant, (2) revenues lost by the plaintiff[], (3) the deterrent value of the award, and (4) whether the infringement was willful or innocent." Polygram Int'l Publ'g, Inc. v. Nevada/TIG, Inc., 855 F.Supp. 1314, 1335 (D. Mass. 1994). Infringement is willful when the infringer knew or should have known that their action was copyright infringement. Fitzgerald v. CVS Broad., Inc., 491 F.Supp. 2d 177, 190 (D. Mass. 2007). A defendant's willfulness may be inferred from their failure to appear and defend the action. Pope v. Lewis, 2017 WL 4077005, at *4 (D. Mass. Sept. 13, 2017).

Under the Copyright Act, the court may also, at its discretion, award costs and/or reasonable attorney's fees to a prevailing party. 17 U.S.C. § 505. Courts take varying approaches to determining whether requested attorney's fees are reasonable, but the First Circuit prefers the lodestar approach, in which the court determines "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); T-Peg, Inc. v. Vermont Timber Works, Inc., 669 F.3d 59, 63 (1st Cir. 2012) (deviation from the lodestar method without adequate explanation of the fee award is abuse of discretion). In its calculation, the court may properly "segregate time spent on certain unsuccessful claims, eliminate excessive or unproductive hours, and assign more realistic rates to time spent." Coutin v. Young & Rubicam P.R., Inc., 124 F.3d 331, 337 (1st Cir. 1997). The party seeking an award of fees must prove the reasonableness of those fees through submission of appropriate evidence. See Hensley, 461 U.S. at 433.

   B.  *Injunctive Relief*

Injunctive relief is proper "where (1) the plaintiff has prevailed on the merits, (2) the plaintiff would suffer irreparable injury in the absence of injunctive relief, (3) the harm to the plaintiff would outweigh the harm to the defendant[] from an injunction, and (4) the injunction would not adversely affect the public interest." Joyce v. Town of Dennis, 720 F.3d 12, 25 (1st Cir. 2013). "To be entitled to a forward-looking remedy, a plaintiff must satisfy the basic requisites of equitable relief—'the likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law.'" Steir v. Girl Scouts of the USA, 383 F.3d 7, 16 (1st Cir. 2004) (quoting O'Shea v. Littleton, 414 U.S. 488, 502 (1974)). This requires a showing "either that some past unlawful conduct has continuing impact . . . , or else . . . a likelihood of future

unlawful conduct on the defendant's part." <u>Lopez v. Garriga</u>, 917 F.2d 63, 67 (1st Cir. 1990) (internal citations omitted).

### III.   Discussion

#### A.   *Liability for Willful Infringement*

The court finds that FilterGrade was properly served with the summons through its registered agent, Matthew Maloney, on January 18, 2023. <u>See</u> Aff. Serv. [Doc. No. 20]. FilterGrade has not filed an answer. Accordingly, entry of a default by the clerk under Rule 55(a) was appropriate. "As to the issue of liability, the entry of default constitutes an admission of all facts well-pleaded in the complaint...." <u>Tropikgadget FZE</u>, 146 F.Supp.3d at 275 (internal quotations and citations omitted). To order default judgment without a hearing, the court must first determine whether "the allegations in the complaint state a specific, cognizable claim for relief…" <u>In re The Home Rests., Inc.</u>, 285 F.3d at 114.

A plaintiff establishes a prima facie copyright infringement claim by alleging "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." <u>Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 361 (1991). With respect to the first element, "a certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright." 17 U.S.C. § 410(c). Here, Creative Photographers includes in its <u>Complaint</u> certificates of registration made within five years of publication for both photos at issue. Compl. Ex. B [Doc. No. 1]. The second element is also satisfied, as Creative Photographers alleges Defendant's direct copying of two entire works. Compl. ¶ 16-17 [Doc. No. 1]. Taken as true, the factual allegations in Creative Photographers' <u>Complaint</u> sufficiently allege a cognizable claim for

copyright infringement and establish FilterGrade's liability in a default judgment. See
Tropikgadget FZE, 146 F.Supp.3d at 275.

Creative Photographers has also alleged facts supporting its claim that FilterGrade's
infringement was willful. Creative Photographers alleges that FilterGrade downloaded two duly
registered Copyrighted works (the "Photographs") and publicly displayed them on FilterGrade's
website for the purpose of attracting visitors and thereby reaping profits. Compl. 16-17, 27 [Doc.
No. 1]. Creative Photographers' assertion of willful infringement is bolstered by the nature of the
Photographs. Both Photographs appear to be carefully posed and edited portraits of models. See
Compl. Ex. A [Doc. No. 1-1]. The first portrait, a black and white image of a young man from
the waist up, was copied by FilterGrade without adjustment and included in an article on
FilterGrade's website titled "18+ More Poses for Male Models." Compl. Ex. C [Doc. No. 1-3].
The second photograph, a tightly framed image of a woman's face, was copied twice, once
without adjustment and once with desaturated colors, presumably edited by FilterGrade. Id. That
photo was included in a different article on FilterGrade's website, "5 Tips for Making EPIC
Reels on Instagram." Id.

It strains credulity that FilterGrade, a "media company with knowledge of copyright
law," would believe the Photographs were freely available for its own use. Compl. ¶ 21 [Doc.
No. 1]. FilterGrade's choice to display the Photographs on its website was therefore particularly
brazen. FilterGrade's willfulness may be further inferred from its decision not to defend the
action. Pope, 2017 WL 4077005, at *4.

B.  Remedy

Creative Photographers' Motion for Default Judgment [Doc. No. 25] seeks a total of
$30,000 in statutory damages. Pl.'s Mem. 10 [Doc. No. 26]. This amount falls within the amount

contemplated by the <u>Complaint</u> [Doc. No. 1], which put FilterGrade on notice of the potential damage award if it failed to defend the action. <u>Id.</u> at ¶ 30 ("Plaintiff is entitled to maximum statutory damages…in the amount of $150,000."). The court finds that, given the statutory maximum for a willful violation, Plaintiff's relatively modest request of $30,000 in statutory damages is reasonable.

Creative Photographers further requests $4,153.30 in costs and attorney's fees.[1] Pl.'s Mem. [Doc. No. 26]. With respect to attorney's fees, counsel for Creative Photographers billed for 7.3 hours at an average of approximately $435.75 per hour. Aff. of Robert Parker ¶ 16 [Doc. No. 27]. Applying the lodestar method, the court finds that the number of hours billed and the hourly rate were both reasonable. The court therefore awards $3,181.00 in attorney's fees. The court further finds that $972.30 is reasonable for filing, postage, and service of process, and therefore awards $972.30 in costs.

With respect to injunctive relief, Creative Photographers has not shown "either that some past unlawful conduct has continuing impact…, or else…a likelihood of future unlawful conduct on the defendant's part." <u>Lopez</u>, 917 F.2d at 67 (internal citations omitted). Creative Photographers states in its <u>Complaint</u> that "Defendant appears to have ceased its infringing conduct[.]" Compl. ¶ 20 [Doc. No. 1]. Plaintiff has not alleged a likelihood of future infringement or any continuing impact that will not be remedied by the court's award here of $30,000 in statutory damages. For these reasons, Creative Photographers' request that the court issue an injunction against FilterGrade is denied.

---

[1] Plaintiff's <u>Motion for Default Judgment</u> [Doc. No. 25] and <u>Memorandum in Support of Plaintiff's Motion for Default Judgment</u> [Doc. No. 26] do not specify the amount requested in costs and attorney's fees, but Plaintiff's counsel's affidavit documents this amount. Aff. of Robert Parker ¶ 16 [Doc. No. 27].

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's <u>Motion for Default Judgment</u> [Doc. No. 25] is

granted in part and denied in part. The court awards $30,000 in statutory damages and $4,153.30

in costs and attorney's fees, for a total award of $34,153.30 plus post-judgment interest pursuant

to 28 U.S.C. § 1961. The court denies Plaintiff's request for injunctive relief.

IT IS SO ORDERED.

June 22, 2023                                              /s/ Indira Talwani
                                                          United States District Judge